# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:10 CR 89 & 1:11 CR 01

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| JONATHAN CLINGMAN LOGAN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THESE MATTERS have come before the court for hearing on September 8, 2011. In file 1:10cr89, Defendant was charged in a bill of indictment with four counts of bank fraud. The undersigned entered an Order (#10) detaining Defendant on December 30, 2010. Thereafter, Defendant filed a motion (#14) requesting that the undersigned reconsider the issue of detention due to the fact that Defendant had recently been subject to surgery due to diabetes and also due to the fact that Defendant had fallen and suffered injuries while he was in the detention facility. After hearing the motion of Defendant, the undersigned entered an order setting terms and conditions of release for Defendant which required Defendant's home incarceration and further that Defendant present himself for further review to determine whether or not his medical condition would necessitate his release.

On January 28, 2011 in file 1:11cr 01, a petition (#2) was filed alleging that Defendant had violated terms and conditions of supervised release. The undersigned

released Defendant on the same terms and conditions as set forth in file 1:10cr89. Since that time the undersigned has conducted hearings on April 7, 2011 and June 9, 2011 to determine whether or not Defendant's medical conditions required that Defendant continued to be released on terms and conditions of pretrial release in both matters.

Prior to this matter being called for hearing, Defendant's counsel, pursuant to orders of the Court presented to the Court various medical records concerning treatment of Defendant. Those records show that on August 8, 2011 Defendant had undergone extensive surgery for spondylolisthesis at the L4-L5 area and denigrative disk disease and central disk herniation in those same areas. On that date, Defendant had underwent a bilateral neural foraminotomy of the L4 and L5 nerve roots and a radical discectomy at L4-L5. Further procedures included a posterior lumbar interbody fusion at the L4-L5 area with pedicle screw instrumentation being applied. The medical records show that Defendant had undergone a serious medical procedure. At the hearing, Assistant United States Attorney Don Gast advised the Court that the government did not object to the Defendant being continued to be released on terms and conditions of presentence release in these matters and the undersigned has determined that such a release is necessary so that Defendant can obtain proper treatment for his medical conditions.

# ORDER

**IT IS, THEREFORE, ORDERED** that Defendant be continued to be released on terms and conditions of presentence release previously entered in file 1:10cr89 and 1:11cr01. It is further **ORDERED** that further hearings in this matter be scheduled for **January 2012** to determine whether or not Defendant will continue to be released on terms and conditions of presentence release. It is further **ORDERED** that Defendant's counsel obtain for the use of the Court and the Assistant United States Attorney copies of medical records of treatment of Defendant for the period from **September 8, 2011 to December 25, 2011.** Those medical records shall be limited to the medical records of Defendant's treating physicians, including Dr. Fredrick L. McIntyre and any discharge summarys concerning the discharge diagnosis of Defendant from any hospital at which he might have received treatment during the period from September 8, 2011 to December 25, 2011.

Signed: September 15, 2011

Dennis L. Howell
United States Magistrate Judge