IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10 cr 89 and 1:11 cr 01

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| JONATHAN CLINGMAN LOGAN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS CAUSE** came on to be heard before the undersigned upon a violation report filed in the above entitled cause on December 15, 2011 by the United States Probation Office. In the violation report, the United States Probation Office alleges that defendant has violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared that defendant was present with his counsel, Fredilyn Sison, and the Government was present through Assistant United States Attorney, John Pritchard. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the defendant, and the records in this cause, the court makes the following findings.

**Findings**: At the call of the matter, the defendant, by and through his attorney, denied the allegations contained in the violation report (#15) filed on December 15, 2011. The government introduced, without objection, the violation report into evidence. Testimony was presented by the government through U.S. Probation

Officer Diane S. Burton and Asheville Police Dept. Det. Josh Burleson.

In file 1:10cr89, defendant was charged in a bill of indictment filed on December 7, 2010 with four counts of bank fraud in violation of of 18 U.S.C. § 1344. In file 1:11cr 01, defendant was charged in a petition alleging that he has violated terms and conditions of supervised release in a case which had originated in the Middle District of North Carolina. On January 7, 2011, the undersigned entered an Order releasing defendant on a $100,000 unsecured bond. The undersigned further set conditions of release which included the following:

(1) Defendant must not violate any federal, state or local law while on release;

(8)(y) Defendant is not to have, possess or come in contact with any form of financial instrument other than U.S. currency owned by him.

On October 14, 2011, defendant was arrested in Buncombe County, NC and charged with issuing and delivering a worthless check in the amount of $6,250 drawn upon an account of TD Bank of North Carolina which had been closed. This is a felony offense and is in violation of N.C.G.S. 14-107(D). Det. Burleson testified in the fall of 2011 he had been contacted by Dean Lorne Moody of Netcarats. Mr. Moody explained to Det. Burleson that Netcarats is an online jewelry store. Defendant had purchased a diamond ring from Netcarats in the amount of $6,250 and

defendant had delivered a check to pay for the ring payable upon a closed account of TD Bank to Netcarats which was dishonored because the account had been closed. A copy of the check was introduced into evidence as government's Exhibit 3 and was dated August 30, 2011. The check was drawn upon an account of Jonathan Logan, 21 Marigold Street, Asheville, NC. 21 Marigold Street is the address of Tangela Bowman who had been appointed by the court as a custodian and with whom defendant was residing under terms of electronic monitoring.

Officer Burton testified that she had recently been contacted by Mr. Clint Briethaupt who is a fraud investigator with Sprint Nextel. Mr. Briethaup advised Officer Burton that defendant had, during the period from September 23, 2010 and continuing until November 29, 2011, opened a total of eight accounts with Sprint Nextel. These accounts had been opened under the name of Jonathan Logan, J.L. Consulting, LLC, Logan Consulting, JLC, J-CL, and Jon Logan. Defendant began placing equipment orders to obtain Sprint cellular telephones. The phones were delivered to the addresses of 37 Leeann Hurst Road, Asheville, NC, 21 Marigold Street, Asheville, NC, and 41 Leeann Hurst Road, Asheville, NC. 37 Leeann Hurst Road is the address of defendant's mother, 21 Marigold Street is the address of defendant's sister, Tangela Bowman and 41 Leeann Hurst Road is the address of defendant's niece, Brittany Clements. Those three individuals were all appointed by

the court to act as a custodian of defendant. The orders for the equipment by defendant were fraudulent orders and were made in an attempt to fraudulently obtain cellular telephones. Sprint authorities were able to identify some of the fraudulently placed equipment orders and to stop the orders prior to their intended destination. However, 13 cellular telephones were delivered for a loss of $6,477.96. Defendant had delivered a total of nine fraudulent check payments which had been made using checks upon accounts in which there were either no funds or accounts which had been closed. The payment fraud loss committed by defendant was in the sum of $4,094.75.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer

-----

> (1) finds that there is----
>     (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>     (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2) finds that ---
>     (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>     (B) the person is unlikely to abide by any condition or combination of conditions of release.
>
> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

4

Based upon the evidence, the undersigned finds there is probable cause to believe that defendant committed a state felony while on release, that being uttering and delivering a worthless check in the amount of $6,250 payable to Netcarats. This check was issued by defendant in violation of N.C.G.S. 14-107(D) which is a felony offense. Due to the fact there is probable cause to believe that defendant committed a state felony, a rebuttable presumption arises pursuant to 18 U.S.C. § 3148 that no condition or combination of conditions would assure that defendant would not pose a danger to safety of any other person or the community.

There has further been shown by clear and convincing evidence that defendant violated the condition of release which directed that he was not to have, possess, or come in contact with any form of financial instrument other than U.S. currency owned by him. Defendant did so by uttering and delivering a worthless check in the amount of $6,250 payable to Netcarats as described above. Defendant further delivered worthless checks in payment for the fraudulently placed equipment orders for cellular telephones from Sprint Nextel resulting in a payment fraud loss in the amount of $4,094.75.

Due to the findings made above and further considering the presumption that has been created and also considering the factors as set forth under 18 U.S.C. § 3142(g) it appears there is no condition or combination of conditions of release that

will assure the defendant will not pose a danger to the safety of any other person or the community. The continued release of defendant creates a risk of harm and danger of economic loss and danger to the community. Based upon the criminal record of defendant which shows multiple and repeated instances of financial crimes committed by defendant, the undersigned finds that if defendant is continued to be allowed to be released he will continue to commit financial harm to the community. Defendant's criminal record shows the following convictions:

| Date | County | Offense | Conviction |
|---|---|---|---|
| 8/28/94 | Buncombe Co. | Misdemeanor larceny | 5/24/95 |
| 9/27/95 | Buncombe Co. | Misdemeanor failure to return rental property, misdemeanor worthless check | 5/24/95 |
| 7/12/95 | Henderson Co. | Misdemeanor worthless check | 12/3/96 |
| 1/15/97 | Buncombe Co. | Misdemeanor worthless check | 3/18/97 |
| 5/8/97 | Buncombe Co. | Misdemeanor worthless check | 8/28/97 |
| 5/16/97 | Alamance Co. | Misdemeanor obtaining property by false pretense | 5/16/97 |
| 11/6/01 | Rockingham Co. | Misdemeanor worthless check | 1/11/02 |
| 10/18/02 | Alamance Co. | Felony obtaining property by false pretense | 4/15/03 |
| 1/29/03 | Cabarrus Co. | Misdemeanor obtaining property by false pretense | 3/27/03 |
| 3/1/04 | Guilford Co. | 4 counts of misrepresentation to obtain employment security benefits | Unknown |
| 3/2/04 | Wake Co. | Felony obtaining property by false pretense | 8/10/04 |
| 3/11/04 | Forsyth Co. | 2 counts misdemeanor worthless checks | 4/6/04 |
| 3/11/04 | Wake Co. | Misdemeanor worthless check | 4/22/04 |
| 2/10/05 | Guilford Co. | 3 counts of worthless checks, 2 counts misdemeanor obtaining property by false pretense | 9/5/06 |
| 8/18/05 | Guilford Co. | 7 counts misdemeanor worthless checks | 9/5/06 |
| 11/15/05 | Guilford Co. | Misdemeanor worthless check | 9/5/06 |
| 2/22/06 | Guilford Co. | 2 counts misdemeanor worthless checks, misdemeanor solicitation to obtain property by false pretense | 9/5/06 |
| 6/28/06 | Buncombe Co. | Misdemeanor worthless check | 8/3/06 |
| 1/21/07 | Guilford Co. | Misdemeanor worthless check | 2/12/07 |
| 2/28/08 | Middle District Of NC | Bank fraud and wire fraud | |

It is the opinion of the undersigned that based upon defendant's actions it is

unlikely defendant will abide by any condition or combination of conditions of release.  As a result of all of the above referenced findings the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining defendant.

## ORDER

**WHEREFORE, IT IS ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** that defendant be detained pending sentencing and further proceedings in this matter.

Signed: December 30, 2011

_____
Dennis L. Howell
United States Magistrate Judge