THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:13-cv-00156-MR
[CRIMINAL CASE NO. 1:10-cr-00089-MR-DLH]

| | |
|---|---|
| JONATHAN CLINGMAN LOGAN, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on consideration of Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255 [Doc. 1]; Petitioner's Application to Proceed without Prepayment of Fees [Doc. 2]; Petitioner's Motion for Appointment of Counsel [Doc. 3]; and Petitioner's Motion for Leave to Amend 28 U.S.C. § 2255 Petition [Doc. 4]. No response is necessary from the Government. For the reasons that follow, Petitioner's motions will be denied and dismissed.

**I.  BACKGROUND**

On December 7, 2010, Petitioner was charged in a Bill of Indictment with four counts of bank fraud, in violation of 18 U.S.C. § 1344. [Doc. 1].

Petitioner previously had been convicted of bank fraud and wire fraud in the Middle District of North Carolina, and at the time of his indictment in this District, he was under a term of supervised release for that conviction. On January 27, 2011, this Court accepted a transfer of jurisdiction over Petitioner's supervised release from the Middle District of North Carolina. [Criminal Case No. 1:11-cr-00001-MR-DLH, Doc. 1]. On January 28, 2011, the United States Probation Office filed a petition in this District contending that Petitioner had violated the terms of his supervised release by committing a new law violation – namely, the four counts of bank fraud alleged in the aforementioned Indictment. [Id., Doc. 2]. The petition also alleged several additional violations of the terms of his supervised release, including failure to submit monthly supervision reports, failure to make court-ordered payments, and failure to report changes in employment and residence. [Id.].

On May 2, 2011, Petitioner pled guilty to the four charges of bank fraud without the benefit of a written plea agreement. [Criminal Case No. 1:10-cr-00089-MR, Doc. 27]. During the plea hearing, the Court explained that the maximum penalty for each count was thirty years' imprisonment, and the Court explained the elements of each charge. Petitioner affirmed under oath that he had discussed with his attorney how the United States

Sentencing Guidelines might apply to his case, and he acknowledged that he could receive a sentence that was greater or less than the sentence recommended by the Guidelines. Petitioner also confirmed that his decision to plead guilty was voluntary and not the result of coercion, threats or any other promise from any source. Further, Petitioner averred that he had ample time to discuss his case with his attorney, including any possible defenses, and that he was entirely satisfied with the services of his attorney. [Id. ¶¶ 32, 34; Doc. 53: Tr. of Plea and Rule 11 Hr'g].

On March 15, 2012, the Court held a combined sentencing and supervised release violation hearing. The Court first confirmed that Petitioner's answers during the Rule 11 hearing were truthful and that he would answer those questions the same way during his sentencing hearing if they were posed again. Petitioner's counsel confirmed that she was in attendance during his Rule 11 hearing and that she was satisfied that Petitioner fully understood each of the questions that had been asked of him that day and that he had fully understood each of the questions asked by the Court during his sentencing hearing.

Next, Petitioner admitted that he was in fact guilty of the four charges of bank fraud; that his plea of guilty was not the result of any threat or force or promise; and that he was pleading guilty knowingly and voluntarily. The

parties further stipulated that the evidence in the Presentence Report represented a sufficient factual basis to support Petitioner's guilty plea. The Court then found that Petitioner's guilty plea was knowingly and voluntarily entered and that he understood the charges, potential penalties and consequences of his plea. The Court therefore accepted Petitioner's plea and entered judgment on the bank fraud charges. [Id., Doc. 54: Sentencing Tr. at 2-7].

The Court then turned to the allegations in the supervised release violation petition. Petitioner admitted to Violation No. 1, a Grade A violation stemming from his conduct related to the four charges of bank fraud, and Violation No. 6, a Grade C violation related to his failure to report a change in his residence. [Id. at 7-8]. The Court calculated Petitioner's Guideline range for the supervised release violations to be 18 to 24 months' imprisonment and his Guideline range on the bank fraud charges to be a term of 12 to 18 months' imprisonment.

Petitioner's counsel argued for a six- to nine-month term of community confinement on the bank fraud convictions based, in part, on Petitioner's serious health issues, including diabetes, back injuries he suffered after a fall in prison, severe headaches, and two spinal surgeries, among other ailments. Citing similar reasons, Petitioner's counsel argued

4

for a sentence at the low end of the Guidelines range on the supervised release violations.  Petitioner's counsel further noted that in the Middle District case, Petitioner had originally been sentenced to 46 months in prison following his conviction for wire fraud, bank fraud, and aggravated identity theft.  While that case was on direct appeal, the parties had moved jointly to remand the case in light of <u>Flores-Figueroa v. United States</u>, 556 U.S. 646 (2009).  On remand, Petitioner was resentenced to a term of twenty-five months' imprisonment.  Because he had already served nearly thirty months at the time of his resentencing, he was immediately released and began serving his term of supervised release.  Petitioner's counsel argued that because Petitioner had actually served several more months than was imposed by the Court in his sentence on remand, this Court should take that into consideration in fashioning a proper revocation sentence.

The Government opposed such a reduced sentence and noted that Petitioner's criminal history stretched back over twenty years and that imprisonment did not appear to have a deterrent effect on Petitioner's conduct. The Government asked for a high-end Guidelines sentence for both the supervised release violations and the bank fraud convictions and

moved that those sentences be ordered to run consecutive to one another. [Id. at 20].

The Court sentenced Petitioner to a term of 18 months on each count of bank fraud, with such terms to be served concurrently, and a consecutive term of 18 months on the supervised release violations, with a five-year term of supervised release. [Id., Doc. 46: Judgment in a Criminal Case]. In fashioning this sentence, the Court noted the serious nature of Petitioner's criminal conduct, in particular, defrauding banks. The Court further observed that the offenses occurred shortly after his release from prison and that such quick recidivism could not be tolerated.

Petitioner appealed both sentences. On appeal, Petitioner argued that his sentences were unreasonable because the Court did not adequately address his medical condition or his counsel's request that the two sentences "be split between incarceration and community placement." United States v. Logan, 499 F. App'x 265, 266 (4th Cir. 2012) (unpublished). Petitioner also argued that this Court should have taken into account his "over-service" of his sentence that was imposed in the Middle District. The Fourth Circuit Court of Appeals rejected both arguments and affirmed his sentences and convictions. Id. at 266-67. Petitioner did not seek further review from the United States Supreme Court.

This § 2255 proceeding followed.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner raises three claims in his original motion to vacate. He further moves to amend his § 2255 petition to include a claim of ineffective assistance of counsel. The Court will allow Petitioner's motion to amend his § 2255 petition because it was filed within one year of the date that his judgment became final and the Court has not ordered the Government to file a responsive pleading. See Fed. R. Civ. P. 15(a)(1)(B). The Court will address each of Petitioner's claims below.

Petitioner raises three challenges to this Court's actions during his sentencing hearing. First, Petitioner argues that the Court committed

procedural error by "fail[ing] to consider arguments in mitigation. Specifically the district court never addressed his argument that severe medical issues supported a sentence combining community confinement and incarceration." [Doc. 1 at 1]. This argument was made on direct appeal and the Court expressly declined to grant relief. Accordingly, this issue may not be relitigated in this proceeding. See, e.g., United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (The law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court."); Boeckenhaupt v. United States, 537 F.3d 1182, 1183 (4th Cir. 1976) (A petitioner "will not be allowed to recast, under the guise of a collateral attack, questions fully considered" on direct appeal.). Accordingly, this claim is denied.

In his second ground for relief, Petitioner contends that this Court erred in concluding that Petitioner could not receive credit for the time he "over-served" in the Middle District. [Id. at 5]. As noted previously, the Fourth Circuit expressly considered and rejected this argument. Therefore, Petitioner is barred from relitigating that claim here.

In his third ground for relief, Petitioner argues that this Court erred in not considering home confinement or incarceration for credit toward [his] sentence." [Id. at 7]. Petitioner failed to raise this claim on direct appeal,

8

and he has failed to demonstrate cause and prejudice to excuse such failure. See Bousley v. United States, 523 U.S. 614, 622 (1998) (citing Murray v. Carrier, 477 U.S. 478, 485 (1986)); Wainwright v. Sykes, 433 U.S. 72, 87 (1977). Accordingly, Petitioner has procedurally defaulted this claim on collateral review.

In his amended motion, Petitioner contends that his guilty plea was not knowingly and voluntarily entered because his trial counsel assured him that he would receive eleven months of credit towards his sentence for the time that he was incarcerated in his home awaiting sentencing, and that this assurance was "part of the reason [he] accepted the original plea agreement." [Doc. 4 at 2]. This argument is without merit.

As an initial matter, Petitioner did not plead guilty pursuant to a plea agreement; he chose to enter a "straight-up" plea of guilty. As such, there simply was no "original plea agreement" for Petitioner to accept. In any event, Petitioner's claim is belied by his sworn statements at the Rule 11 hearing. Petitioner expressly stated under oath that no one had promised him anything in return for his decision to enter guilty pleas to the four charges of bank robbery, and that he was pleading guilty because he was in fact guilty. Further, Petitioner acknowledged that he could face a maximum term of thirty years' imprisonment for each bank fraud count. He

9

further asserted that he was entirely satisfied with the services of his attorney.

Moreover, this Court questioned Petitioner at the outset of his sentencing hearing, and confirmed that the Plea and Rule 11 hearing was properly conducted, that Petitioner's decision to plead guilty was not the product of any promise, threat or coercion, and that Petitioner had knowingly and voluntarily chosen to forego his right to contest the charges at trial. "For the representations of the defendant, his lawyer, and the prosecutor at such a [plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Courts "must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005).

For these reasons Petitioner's present, self-serving statements fail to undermine the knowing and voluntary nature of his guilty plea. This claim therefore will be denied.

In a related motion, Petitioner seeks to proceed with this action without the prepayment of fees. The record in this matter indicates that the Petitioner was determined to be indigent and thereby was appointed counsel to represent him in the underlying criminal proceedings. Based on this determination of indigency, the Petitioner is entitled to proceed without prepayment of fees on appeal. Accordingly, the Petitioner's request to proceed *in forma pauperis* will be denied as moot.

Petitioner also seeks the appointment of counsel to represent him in this collateral action. Prisoners have no constitutional right to counsel in a post-conviction proceeding. Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987); Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003), cert. denied, 541 U.S. 905 (2004). Nonetheless, the Court may appoint counsel to represent a habeas petitioner when the interests of justice so require and the petitioner is financially unable to obtain representation. See 18 U.S.C. § 3006A(a)(2)(B). In the instant case, Petitioner has failed to demonstrate that the interests of justice warrant the appointment of counsel. See United

States v. Riley, 21 F. App'x 139, 141-42 (4th Cir. 2001). Accordingly, Petitioner's motion for appointment of counsel is denied.

## IV. CONCLUSION

Based on the foregoing, the Court concludes that Petitioner's motions must be denied.

Finally, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion for Leave to Amend 28 U.S.C. § 2255 Petition [Doc. 4] is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's Section 2255 Motion, as amended [Doc. 1, 4], is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that Petitioner's Application to Proceed without Prepayment of Fees [Doc. 2] is **DISMISSED** as moot.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Appointment of Counsel [Doc. 3] is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: June 21, 2014

Martin Reidinger
United States District Judge